SHARUM v. JOHNSTON et al.

No. 8484—Opinion Filed Feb. 26, 1918.

(171 Pac. 322.)

(Syllabus.)

Indians — Action for Title and Possession of Homestead — Sufficiency of Evidence.

Record examined, and held, that the findings of fact of the trial court are contrary to the evidence.

Error from District Court, Cherokee County; John H. Pitchford, Judge.

Action by Ellis Wofford against A. H. Sharum and others, with answer and cross-petition by defendant Sharum, whereupon plaintiff dismissed his cause of action and answered the cross-petition. Judgment for

Wofford, and Sharum brings error. Reversed and remanded, with directions.

Benjamin B. Wheeler, for plaintiff in error.

KANE, J. This was an action by Ellis Wofford, a Cherokee freedman, one of the defendants in error, as plaintiff, against the plaintiff in error and the other defendants in error, as defendants, to recover title and possession of 40 acres of land which had been allotted to Ellis Wofford as his homestead. After the plaintiff in error Sharum had answered and filed a cross-petition in which he alleged that he was the owner in fee simple of said land and prayed that the title and possession thereof be quieted in him, the plaintiff, Ellis Wofford, dismissed his cause of action, this leaving nothing before the court but the issues joined by the cross-petition of the plaintiff in error, Sharum, and the answer thereto filed by Ellis Wofford. Upon issues thus joined there was a trial to the court, who made special findings of fact and conclusions of law favorable to Wofford, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

As the case on its merits turns on the sufficiency of the evidence to support the findings of the court below, we need only notice the principal assignment of error relied upon by counsel for plaintiff in error which he states in his brief as follows:

"The court erred in finding that the plaintiff, Ellis Wofford, had not reached the age of majority, to wit, 21 years of age, according to the enrollment records of the Commissioner to the Five Civilized Tribes, on the 9th day of April, 1910; said finding being contrary to the evidence in the trial of said cause; and the court erred in not finding as a fact that the plaintiff Ellis Wofford became 21 years of age, according to said enrollment records, on the 8th day of April, 1910."

The evidence shows that the land involved was the homestead of Ellis Wofford, a Cherokee freedman, and that the deed through which Sharum claimed title was executed by Wofford on the 10th day of April, 1910. The evidence relied upon to establish the majority of Wofford on that date consisted of the census card supplemented by a transcript of the evidence of Napoleon Wofford, a brother of the allottee, taken before the land office at the time Ellis Wofford enrolled, which was duly certified as a correct copy of the enrollment record. This enrollment record shows that Ellis Wofford was enrolled as a Cherokee freedman on the 8th day of April, 1901, and that at that time he

was 12 years of age. As the deed under which Sharum claims was executed subsequent to the act of May 27, 1908 (35 Stat. 312, c. 199), the enrollment record must be deemed conclusive evidence of the age of the allottee. Scott v. Brackel et al., 43 Okla. 655, 143 Pac. 510. The enrollment record showing that the allotte was 12 years of age on April 8, 1901, it only requires a simple mathematical calculation to determine that he was 21 years of age on the 8th day of April, 1910, the day before he executed the deed to Sharum.

Inasmuch as we are not favored with a brief by counsel for defendant in error, we are unable to conjecture upon what ground the trial court found to the contrary, or to conceive any sound theory upon which such finding can be affirmed. Therefore the contention of counsel for plaintiff in error that the findings of the trial court are contrary to the evidence must be sustained.

The judgment of the court below is reversed and the cause remanded, with directions to grant a new trial.

All the Justices concur.